STEEL EDGE STAMPING AND RETINNING COMPANY & others *vs.* MANCHESTER SAVINGS BANK.

Norfolk.    December 6, 7, 1894. — March 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Insolvent Debtor — Corporation — Statute — Laches — Assignment of Property for Benefit of Particular Creditors — " Fraudulent Conveyance."*

Proceedings in insolvency against a corporation, under Pub. Sts. c. 157, § 136, are not required to be begun within ninety days from the act relied on, as provided by § 112 in the case of similar proceedings against a person.

A delay of nearly six months in beginning proceedings in insolvency against a corporation, under Pub. Sts. c. 157, § 136, based upon an assignment by the corporation of all its property for the benefit of particular creditors as a fraudulent conveyance, when the creditor " had full knowledge that the assignees were working in good faith " under the assignment, is not, in the absence of special circumstances and of statutory limitation, laches as matter of law.

An assignment of all its property by a corporation for the benefit of such creditors as shall execute the instrument within thirty days from its date, or within such further time, if any, as the trustees shall allow, is a " fraudulent conveyance," within the meaning of Pub. Sts. c. 157, § 136, and a sufficient foundation for insolvency proceedings against the corporation.

HOLMES, J.    This is a bill in equity, under Pub. Sts. c. 157, § 15, seeking to stay proceedings in insolvency which have been begun against the plaintiff by the defendant, under Pub. Sts. c. 157, § 136.    It is not denied that § 136 is made applicable to the plaintiff, a foreign corporation, by St. 1890, c. 321, § 1, but it is objected that § 136 by implication incorporates the restriction of § 112, and requires the proceedings against a corporation to be begun within ninety days from the fraudulent conveyance or other act relied on, as in the case of proceedings against a person under § 112, amended St. 1894, c. 261.    The argument is that § 136, corresponding to Gen. Sts. c. 118, § 122, St. 1851, c. 327, § 17, legislation of later origin than that embodied in § 112, (Gen. Sts. c. 118, § 103, St. 1838, c. 163, § 19, etc.,) simply enlarges the class subject to the above proceedings dealt with in § 112, and therefore must be taken to adopt the general limitation of time contained in § 112.

The force of such an argument must depend very much on the form of the later legislation.    When, by St. 1844, c. 178, § 9, " in addition to the several causes for proceeding against an insolvent debtor enumerated " in St. 1838, c. 163, § 19, other causes were established, the court had no doubt that the ninety days' limitation in the earlier act applied to the later statute, although not repeated.    *Bates* v. *Chapin*, 8 Cush. 99.    But the section of the act of 1851 from which, as we have said, § 136 is derived, has no such reference to the earlier provisions with regard to persons, but on its face seems to be a complete independent enactment for corporations.    The same thing is true of the act taken as a whole.    It is assumed by the statute that the existing laws do not apply to corporations, notwithstanding the provision in Rev. Sts. c. 2, § 6, cl. 13, that the word " person " may extend and be applied to bodies corporate, (Pub. Sts. c. 3, § 3, cl. 16,) and the act is so full as to shut out any general argument for its construction based on a contrary assumption. See *Dearborn* v. *Ames*, 8 Gray, 1, 10, 11.    *Coburn* v. *Boston Papier Maché Manuf. Co.* 10 Gray, 243, 244.    We are of opinion that it would be stretching the law too far to read the ninety days' limitation into § 136.

The further allegation in the bill, that the defendant was " guilty of laches in waiting nearly six months before filing said

petition, when it had full knowledge that the assignees were work-
ing in good faith " under the assignment to them, is not pressed.
It falls with the objection which we have considered.   The alle-
gation means that a delay of nearly but less than six months
with the knowledge alleged is laches as matter of law.   But in
the absence of special circumstances and of statutory limitation
the defendant had a right to wait.   To hold otherwise would be
to repeal the statute *pro tanto.*

The only other objection to the proceedings taken by the bill
is, that the assignment by the plaintiff on which the proceedings
were based was not a fraudulent conveyance, within the mean-
ing of § 136.   The assignment was a conveyance of all its prop-
erty by the plaintiff for the benefit of such creditors as should
execute the instrument within thirty days from its date, or
within such further time, if any, as the trustees should allow.
We regard it as settled that such an assignment may be avoided
by an assignee in insolvency as a preference, and for the reasons
stated by Shaw, C. J., in *Wyles* v. *Beals,* 1 Gray, 233.   *White* v.
*Hill,* 148 Mass. 396.   *Sawyer* v. *Levy,* 162 Mass. 190.   *Bartlett*
v. *Bramhall,* 3 Gray, 257.   See *In re Union Pacific Railroad,* 10
Nat. Bankr. Reg. 178 ; *Barnes* v. *Rettew,* 8 Phila. 133 ; *Globe Ins.
Co.* v. *Cleveland Ins. Co.* 14 Nat. Bankr. Reg. 311.   The law
was not changed by St. 1887, c. 340, § 1.   That statute, while
it makes certain acts of the trustees under such an assignment
valid in certain cases, presupposes that the assignment may be
voidable, and may be set aside by assignees in insolvency.

If the assignment by the plaintiff was voidable it was a
fraudulent conveyance within the meaning of § 136, and there-
fore was a sufficient foundation for the insolvency proceedings.
*Wyles* v. *Beals,* 1 Gray, 233, 238.   Indeed, by St. 1856, c. 284,
§ 25, which was one of the precursors of Pub. Sts. c. 157, § 96, it
is provided expressly that a payment by way of preference shall
be a sufficient cause for adverse proceedings.   The omission of
the words in Gen. Sts. c. 118, §§ 89, 103, 122, was not intended
to alter the law.   See Commissioners' notes, § 89.   We notice
that this statute is cited in the margin of Gen. Sts. c. 118, § 122,
the section corresponding to Pub. Sts. c. 157, § 136.   See further
*Ex parte Jordan,* 9 Met. 292 ; *Fernald* v. *Gay,* 12 Cush. 596,
597 ; *Lothrop* v. *Highland Foundry Co.* 128 Mass. 120 ; *Wash-*

*burn* v. *Hammond*, 151 Mass. 132, 141.    What the effect of St. 1886, c. 322, upon § 93 may be as to matters avoiding a discharge, may be left to be decided when the question arises.

*Bill dismissed.*

*F. H. Williams & F. M. Copeland*, for the plaintiffs.
*E. G. Loomis*, ( *C. T. Cottrell* with him,) for the defendant.