JOHN L. CUNNINGHAM, assignee, *vs.* JAMES F. SEAVEY.

Middlesex.　March 2, 1898. — May 23, 1898.

Present: ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Insolvent Debtor — Conveyance for Benefit of Creditors — Right of Assignee in Insolvency to avoid Conveyance — Finding — Action — Defence.*

An assignee in insolvency may avoid a conveyance by the debtor of all his property in trust for the benefit of such creditors as should become parties to it, made within two months before the insolvency proceedings.

In an action by an assignee in insolvency, alleging in one count a conveyance to · the defendant in fraud of the insolvent law, which was a conveyance by the debtor of all his property in trust for the benefit of such creditors as should become parties to it, and alleging in another count conversion of the proceeds, a finding for the plaintiff is not open to the contention that it was unwarranted, because the defendant had ceased to act under the assignment at the time of the adjudication of insolvency, and after that he was rightfully in possession of the funds as custodian for the messenger in insolvency, and after his appointment, · for the assignee in insolvency.

A person who, within two months before insolvency proceedings, has taken a conveyance by the debtor of all his property in trust for the benefit of such creditors as should become parties to it, and who has been served with a trustee writ in another State, where the debtor also had a place of business and also had instituted proceedings in insolvency, cannot relieve himself from liability to the assignee in insolvency here by depositing the proceeds of the property in the other State.

TORT, in three counts, by the assignee in insolvency of the estate of A. Anderson and Company, to recover property alleged to have been conveyed to the defendant in fraud of the insol-

vent law, the third count alleging conversion of the proceeds. Trial in the Superior Court, without a jury, before *Hardy*, J., who allowed a bill of exceptions, in substance as follows.

It appeared that the plaintiff was appointed assignee by the Court of Insolvency for the County of Middlesex on May 23, 1895, upon the petition of creditors of the firm of A. Anderson and Company, filed April 10, 1895 ; and that the assignment covered all property belonging to the firm on April 11, 1895, the date of the first publication of the notice of the filing of the petition to have the firm adjudged insolvent.

The defendant testified that, at the time of the transactions in question, he lived in Dover, New Hampshire; that his firm, Charles H. Seavey and Company, were creditors of A. Anderson and Company to the amount of $3,842.02 ; that there was an instrument of assignment made on February 25, 1895, by A. Anderson and Company to him of all of their property, for the benefit of such creditors as should become parties to it ; that at the time of the assignment A. Anderson and Company had a place of business in Boston, and one in New Hampshire ; that the assignment was completed on the day of its date ; that the firm of Charles H. Seavey and Company were the only creditors who signed it on that day ; that as soon as he took the assignment he sent out notices to all the known creditors, enclosing a paper for them to sign in assent thereto ; that after the assignment there was a creditors' meeting held in Boston ; that the creditors were notified of that meeting on March 6, 1895 ; that at that meeting the creditors whose names appear on the original assignment, excepting Charles H. Seavey, signed ; that they took further steps to get assents some time in April upon separate requests for signatures, which were signed by the creditors and returned to him ; that all of the creditors whom they knew of were served with a notice of the first meeting ; that all of the assents, although they came back at different times, were practically returned in the same week ; that when he made up the lists of the creditors who had assented to the assignment, he did so by taking their names from these papers ; that he understood on April 4 that some creditors were agitating the question of putting the firm into insolvency ; that at the first meeting there was an investigating committee appointed by the creditors,

which reported to the creditors on March 28; that as a matter of fact at that second meeting insolvency was talked of; that the committee made an elaborate report of the condition of things at that meeting, at which he was present; that he did not know that he heard the question of putting them into insolvency agitated at that time; that he was present in Massachusetts when insolvency proceedings were instituted; that hearings were had from time to time; that he was present at the hearings which were held in reference to insolvency proceedings; that after the messenger was appointed he came to the witness and told him that he was to go ahead and close matters up and turn the money over to the assignee, and that the messenger would not interfere; that he went ahead and closed matters up without any interference from the messenger or any one; that the assignment to him covered not only the stock on hand, but the book accounts that were then due to the firm; that he collected those accounts; that he worked up the lumber on hand by the creditors' order; that at the first meeting he was ordered by the creditors to go on with the business, and buy lumber and continue to manufacture; that he did go on and buy additional lumber, and kept the business going about two months; that at the second meeting of creditors he reported that he had not made money to warrant the continuing of the business, and recommended it to be stopped; that there was a little balance in his favor; that the business of A. Anderson and Company was the manufacture of boxes; that the goods were all sold to Massachusetts parties; that he received a demand at some time to pay over the money in his hands; that he did not know the exact date; that it was not immediately after the appointment of the assignee; that he was allowed to continue this business and wind it up; that the messenger was appointed on May 1, and the order for the assignee was not until May 21; that, as he recollected, it was within a week or two after May 21 that demand was made on him; that he did not pay over; that he continued the business of Anderson and Company in Boston; and that the books were kept at the Boston office.

On cross-examination, the defendant testified that, before the time of the demand for the money by the assignee upon him, he was served with a trustee writ issuing out of the Supreme Court

of New Hampshire on February 27, 1895, in an action brought by Samuel S. Felker and Henry W. Felker against A. Anderson and Company; that before the time of such demand upon him by the assignee, he had transferred the money remaining in his hands after winding up the business to New Hampshire, and it was deposited in a Dover bank; that at the time of the service of the trustee writ all of such funds were in his hands in New Hampshire; that previously to the time of the demand by the assignee in Massachusetts he received notice in regard to proceedings in insolvency brought by A. Anderson and Company in New Hampshire, and the messenger from the Court of Insolvency in New Hampshire made demand on him to turn over the books, and everything else that he had, on May 24, 1895; that at the time of the insolvency proceedings in New Hampshire the insolvents lived in Nashua; and that the petition was a voluntary petition by them. The records of the Insolvency Court in New Hampshire, introduced in evidence, showed that the petition was dated May 21, 1895, was returnable on June 20, 1895, was continued to July 11, 1895, and then continued to September 17, 1895, and then continued *nisi*. The defendant further testified that all of the money was deposited in a bank in Dover, New Hampshire, when the New Hampshire messenger in insolvency made demand upon him; that the money was also in the same bank at the time when the writ of Felker Brothers was served upon him; and that the bank account was kept in his name as trustee.

The defendant, in answer to interrogatories by the plaintiff, stated that, at the time of the making of the assignment to him, he did not pay to the firm of A. Anderson and Company any consideration therefor; that the firm was at the time insolvent, and he knew that it was insolvent; that the instrument was made for the purpose of collecting and dividing the property of the firm among the creditors who should become parties to it outside of the Insolvency Court; that there was a majority in number and amount of the creditors who assented in writing to the assignment; that the larger part of the property when it came into his possession was situated in Nashua, New Hampshire, and consisted of unmanufactured lumber; that, at the time of the execution of the assignment, the firm had an office, where it

kept its books and conducted its correspondence and took orders for manufactured goods, in Boston, and he took possession of the office and books, and continued the business under the direction of the majority of the creditors for the term of about two months; that the firm, at the time of the execution of the instrument, had a manufactory in Nashua, and a stock of lumber there, manufactured, in process of manufacture, and unmanufactured; that the property in Nashua came into his possession after the execution of the instrument, and there were about two hundred thousand feet of lumber, a large part of which, under the direction of the creditors, he manufactured and sold; that the property was sold principally to persons, firms, and corporations doing business in Boston and vicinity; and he gave a detailed statement of the amounts received by him and paid out in due course of his instructions from the creditors and under the instrument of assignment.

He further answered that, at the time of the insolvency in this Commonwealth, he had disposed of the property that was received under the assignment by the firm, had collected the amounts for the sale of the property, and had paid out sums of money for expenses in the manufacture of the articles and putting them into salable shape under the direction of the creditors, and at that time held a balance in money in his hands which was not distributed, and which had not yet been distributed; that the messenger of the Insolvency Court took formal possession, and notified him that he could go on and do business as he had been doing it, and collect any money outstanding; that a demand was made upon him by the plaintiff, as assignee, for the money that remained in his hands, but it had not been turned over, for the reason that, prior to the time of the appointment of the assignee, the funds which he held were trusteed by writs brought in New Hampshire against the insolvent firm; and for the further reason that all of the balance remaining in his hands was in New Hampshire at the date of the insolvency proceedings in Massachusetts, and the cash, after the time of its collection, all of which was done before the time of the insolvency proceedings in Massachusetts, had not been within this State, and thereafter the firm of A. Anderson and Company filed a voluntary petition praying that they should be declared

insolvent in New Hampshire; and that a messenger was appointed there to take possession of the goods, effects, and credits of the insolvents in that State.

A schedule, commencing on February 26, 1895, and ending on June 12, 1895, most of the receipts being prior to May 1, 1895, showed a balance in the hands of the defendant of $1,332.36. In addition to payments to his counsel, the account showed payments to the defendant for services of $600, and for expenses of $200, which the plaintiff contended were excessive in amount, if the defendant was entitled to retain anything for these items.

At the conclusion of the evidence, the defendant asked the judge to rule that the plaintiff could not recover. The judge refused so to rule; and found for the plaintiff upon the first and third counts in the sum of $1,687.13, and for the defendant on the second count. The defendant alleged exceptions.

*E. R. Anderson,* for the defendant.

*J. F. Wiggin,* for the plaintiff.

MORTON, J. The assignment made by A. Anderson and Company to the defendant was a conveyance of all their property to him in trust for the benefit of such of their creditors as should become parties to it. It is clear that the assignee in insolvency of Anderson and Company could avoid the assignment, either on the ground that it constituted a preference to the creditors assenting to it, or was made with a view to hinder or delay the operation and effect of the laws relating to insolvency, or to prevent the property from coming to the assignee in insolvency of Anderson and Company. *Steel Edge Stamping & Retinning Co.* v. *Manchester Savings Bank,* 163 Mass. 252. Pub. Sts. c. 157, §§ 96, 98.

The defendant contends that he had ceased to act under the assignment at the time of the adjudication of insolvency, and that after that he was rightfully in possession of the funds as custodian for the messenger, and, after his appointment, for the assignee in insolvency; and therefore that any recovery against him on the ground that the assignment hindered the operation of the insolvency laws of this State, or prevented the property from coming to the hands of the assignee in insolvency, was unwarranted. But, in the first place, the court may not have found as a fact that he had ceased to act under the assignment.

In the next place, if it did so find, it might nevertheless be true that the assignment and the possession of the defendant under it operated to hinder the effect of the insolvency laws, and to prevent the property from coming to the hands of the plaintiff. Thirdly, the defendant's contention, if true, would justify a recovery under the third count, and no harm therefore could have been done to him if the court was wrong in holding that the plaintiff was entitled to recover on the first count.

The defendant contends further that the insolvency proceedings and the trustee suit in New Hampshire relieve him from liability in this action. But it is enough to say of this contention that the court may have found that the proceedings and suit in New Hampshire were the result of collusion between the defendant and the parties instituting them, and were not instituted in good faith, and therefore were not entitled to any consideration. The defendant could not relieve himself from liability here by depositing the money in another jurisdiction.

*Exceptions overruled.*